Wang v. Barr

BIA
Loprest, IJ
A205 443 156

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand twenty.

PRESENT:
>  RICHARD J. SULLIVAN,
>  JOSEPH F. BIANCO,
>  WILLIAM J. NARDINI,
>        *Circuit Judges.*

_____

LIZHUI WANG,
>        *Petitioner*,

>  v.                                                                          18-1959
>                                                                             NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:                     Zhen Liang Li, New York, NY.

FOR RESPONDENT:                     Jeffrey Bossert Clark, Acting Assistant
                                    Attorney General; Russell J. E. Verby, Senior
                                    Litigation Counsel; John D. Williams, Trial
                                    Attorney, Office of Immigration Litigation,
                                    United States Department of Justice,
                                    Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Lizhui Wang, a native and citizen of the People's Republic of China, seeks review of a May 31, 2018 decision of the BIA affirming a September 7, 2017 decision of an Immigration Judge ("IJ") denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lizhui Wang*, No. A205 443 156 (B.I.A. May 31, 2018), *aff'g* No. A205 443 156 (Immig. Ct. N.Y. City Sept. 7, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the petitioner's application is denied based on the agency's adverse credibility findings, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's findings of fact under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . , without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility

2

determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *see also Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Wang was not credible as to his claim that police in China detained and beat him for protesting a corrupt official's extortion of his family's business.

In reaching its adverse credibility finding, the IJ reasonably relied on Wang's demeanor, concluding that Wang was testifying from memorization rather than experience and that he was intentionally vague. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular deference is given to the trier of fact's assessment of demeanor); *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003) ("Where an applicant gives very spare testimony . . . the IJ . . . may fairly wonder whether the testimony is fabricated"), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007). Those findings are supported by the record, which shows that Wang's direct testimony largely mirrored without variation or additional detail the story provided in his written application and his mother's corroborating letter. And while he mentioned new facts when probed for details on cross-examination, his new assertions were similarly vague and thus provided support for the IJ's determination that he was attempting to "fill in holes from a script he had memorized." Sp. App'x 41; *see Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("In reviewing adverse credibility determinations, we give particular deference to . . . the adjudicator's observation of the applicant's demeanor, in recognition of the fact

that the IJ's ability to observe the witness's demeanor places her in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause." (internal quotation marks and alterations omitted)).

The IJ's adverse credibility finding was further supported by the omission of facts from Wang's and his mother's written statements that one would reasonably expect them to have included. In contrast to his testimony at the hearing, Wang's and his mother's written statements failed to mention that Wang was injured while in police custody, that he required treatment at a hospital, that government officials continued to search his family's home with such frequency that his father was forced to close their business, and that officials seized all documents relevant to his asylum claim during those searches. *See Hong Fei Gao*, 891 F.3d at 78–79 ("In the immigration context, in assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances.").

We also agree with the agency that after Wang's credibility was challenged during the hearing, Wang failed to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency appropriately declined to credit letters from Wang's mother and a fellow business owner because, in addition to his mother's omissions, the letters were

4

unsworn and neither author was available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that letters from alien's friends and family were insufficient to provide substantial support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012). The IJ was not compelled to credit Wang's explanation that government officials seized all documentary evidence that could have corroborated any aspect of his claim, including evidence that his father had ever owned a business. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Given the demeanor, omission, and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination was dispositive of asylum, withholding of removal, and CAT relief insofar as those three claims were based on Wang's assertion that he suffered and feared harm for reporting government corruption. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). Further, because he did not raise it in his brief, Wang has abandoned his claim that he is entitled to withholding of removal and CAT relief because he fears persecution on account of his political activities in the United States. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court